UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SHERMAN RAINES, )
 )
 Plaintiff, )
 )
 v. ) No. 4:05-CV-582-SNL
 )
JAMES G. WOODWARD, CYNTHIA )
DAVIS, LORI MILLER-TAYLOR, )
JUDGE CHARLES A. SHAW, )
U. S. MARSHALL OFFICE, MARIA )
SANCHEZ and JOHN E. POTTER, )
 )
 Defendants. )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Sherman Raines for leave to commence this action without payment of the required filing fee [Doc. #1]. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978)*, cert. denied,* 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff alleges that, between February 15, 2005, and March 9, 2005, defendants discriminated and retaliated against him because of his race, African-American, and his gender, male. He complains that exhibits which he filed in *Raines v. Potter*, 4:04-cv-550-RWS (E.D.Mo. 2004) were returned to him with no explanation and with no file stamp to show that they had been received by the Court. Plaintiff complains that the discrimination and harassment are ongoing. In a memorandum submitted July 12, 2005, plaintiff added allegations that defendants Miller-Taylor and Moore deliberately provoke him in an attempt to have him "locked up" or banned from the federal courthouse; that defendants Miller-Taylor, Moore and Davis deliberately mix up, remove or destroy his documents when they make copies of them; and that defendants fail to stamp his exhibits or stamp only the first page such that defendant is unable to prove that he submitted said documents. Plaintiff seeks monetary damages and an investigation of federal courthouse personnel and policies.

**Discussion**

Having carefully reviewed the complaint, the Court concludes that the instant action is legally frivolous. Plaintiff has failed to assert any claims or allegations against defendants James

G. Woodward, Judge Charles A. Shaw, the U. S. Marshall's Office, Maria C. Sanchez or John E. Potter. As to those defendants against whom he has made specific allegations, it is unclear exactly what civil rights plaintiff is claiming defendants violated. In essence, his claim is that policies of the Clerk's Office, which include which documents are stamped and where, which documents are returned unfiled, and which documents are copied and returned, are discriminatory towards him.

In light of plaintiff's claim of civil rights violations, the Court will liberally construe the complaint as a *Bivens*-type[1] action for monetary damages. Given that plaintiff does not allege any sort of prejudice relative to filing or accessing previously-filed cases, he has not stated an access-to-the-courts claim. *See Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991); *Grady v. Wilken*, 735 F.2d 303, 306 (8th Cir. 1984).

Plaintiff's claim that he is retaliated against "for prior EEO activity" is nonsensical. His request that all defendants be found "guilty of harassment, intimidations, discriminations - race black male" is insufficient to state a Fourteenth Amendment Equal Protection claim. Although plaintiff's factual allegations are to be liberally construed, the Court will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. For these reasons, plaintiff's claim is legally frivolous.

Last, a Court may determine that an action is "malicious," and, thus, subject to dismissal, by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. *Spencer v. Rhodes*, 656 F.Supp. 458, 463 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir.

---

[1] Suits for monetary damage against federal officials for the violation of constitutional rights are authorized under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

1987).  An action is "malicious" when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right.  *See Spencer*, 656 F.Supp. at 461-63.  After reviewing the complaint in this case, the Court concludes that plaintiff filed this action, not to vindicate a legitimate right but rather to harass and/or intimidate the named defendants by dragging them through the federal judicial system.  He seeks five million dollars in damages, yet he wholly fails to set forth a single constitutionally-protected right that allegedly was violated.  As such, the Court also dismisses this action as malicious under 28 U.S.C. § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED**, as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and malicious and fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this  15th   day of July, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE